IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Boyd Hofland, | ) |
| | ) |
| Plaintiff, | ) **ORDER GRANTING** |
| vs. | ) **DEFENDANT'S MOTION** |
| | ) **TO DISMISS** |
| Schlumberger Technology Corporation, | ) |
| | ) Case No. 1:17-cv-119 |
| Defendant. | ) |

Before the Court is a Motion to Dismiss filed by Defendant Schlumberger Technology Corporation ("Schlumberger") on June 14, 2017. See Docket No. 3. Plaintiff Boyd Hofland filed a response on July 6, 2017. See Docket No. 7. Schlumberger filed a reply on July 19, 2017. See Docket No. 11. Because the Court concludes Hofland's suit is time barred, the Court grants Schlumberger's motion to dismiss.

I. **BACKGROUND**

The following facts, which the Court accepts as true for purposes of this Rule 12(b)(6) motion to dismiss, are taken from Hofland's amended complaint. See Joyce v. Armstrong Teasdale, LLP, 635 F.3d 364, 365 (8th Cir. 2011). Schlumberger is a Texas Corporation authorized to conduct oilfield services in North Dakota. See Docket No. 10, p. 2. Hofland is a North Dakota resident and was employed by Schlumberger. Id. During his employment, Hofland earned the right to participate in Schlumberger's retirement benefit package, which included healthcare insurance under a retiree medical plan ("the Plan"). Id. The Plan contains a non-competition clause that bars former Schlumberger employees from receiving benefits if they accept employment from a client or competitor within two years of leaving Schlumberger's

employ. Id. Schlumberger provided Hofland with a document titled "Schlumberger Retiree Medical Plan Waiver of Forfeiture Provision Memorandum" ("the Forfeiture Memorandum"). See Docket No. 10, p. 3. The Forfeiture Memorandum defines competitor company as "one that is in direct competition with Schlumberger for business at the time you begin performing services for that company." See Docket No. 4-3, p. 2. The Memorandum also defines client company as "any company that is a client of Schlumberger at the time you being performing services for that company." See Docket No. 4-3, p. 2.

At some point—the exact date is not clear—Hofland left Schlumberger's employ. On January 4, 2012, Hofland accepted employment with Rockpile Energy Services, LLC ("Rockpile"). See Docket No. 10, p. 2. On January 5, 2012, Hofland applied for enrollment in the Plan. Id. On February 10, 2012, Hofland received a letter from Schlumberger notifying him he would not be enrolled in the Plan because his employment with Rockpile violated the Plan's non-competition provision. See Docket No. 10, p. 3. Hofland appealed the decision on February 25, 2012, and Schlumberger denied the appeal. Id. Schlumberger continues to deny Hofland enrollment in the Plan. Id.

Hofland brought suit against Schlumberger in North Dakota's Southwest Judicial District Court in May of 2017, alleging deceit, breach of contract, unjust enrichment, and conversion. See Docket No. 1-2. On June 8, 2017, Schlumberger removed the case to this Court. See Docket No. 1. On June 14, 2017, Schlumberger moved to dismiss the suit arguing ERISA preempts Hofland's state-law claims, Hofland has failed to state a claim for which relief can be granted, and Hofland's suit is time barred. See Docket No. 3. On July 6, 2017, Hofland filed an amended complaint[1] that

2

---

[1] In its reply, Schlumberger addresses the amended complaint and asserts dismissal is warranted for the same reasons dismissal of the original complaint was warranted. Although Schlumberger has not formally renewed its motion to dismiss, the Court considers the motion applicable to the amended complaint. The allegations in the amended

is styled as an ERISA action and asserts fraud and breach of the Plan agreement. See Docket No. 10, pp. 4-5.

## II.   STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates dismissal of a complaint if it fails to state a claim upon which relief can be granted. To determine whether dismissal is warranted, the court must assume the complaint's factual allegations are true and draw all reasonable inferences in the plaintiff's favor. Monson v. Drug Enf't Admin., 589 F.3d 952, 961 (8th Cir. 2009.). Conclusory legal allegations need not be accepted as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rule 12(b)(6) dismissal may be warranted when the complaint establishes a statute of limitations defense. Joyce, 635 F.32 at 367.

## III.   LEGAL DISCUSSION

Hofland asserts Schlumberger wrongly denied him benefits in violation of ERISA and the Plan. The parties disagree on the meaning of the terms "client company" and "competitor company" as those terms are used in the Plan. Hofland argues the terms are specifically defined in the Forfeiture Memorandum, which he asserts is part of the Plan. Schlumberger, on the other hand, asserts the Forfeiture Memorandum is not part of the Plan. Schlumberger argues it has discretion to determine what constitutes a client or competitor because the Plan does not specifically define those terms. Schlumberger also asserts a statute of limitations defense.

The Court makes the following determinations, which are discussed in detail below, and concludes Hofland's suit is time barred: (1) The six-year ERISA limitation period governing

---

complaint are substantially similar, the theory underlying Hofland's suit has not changed, and the parties continue to make the same arguments.

claims concerning fiduciary duties does not apply to Hofland's suit; (2) Hofland's suit is most analogous to a contract action; (3) Texas's four-year statute of limitations for contract actions applies; (4) Hofland's suit is untimely under the Texas limitation period; and (5) equitable tolling of the limitation period is unwarranted.

### A.     ERISA DOES NOT PROVIDE AN APPLICABLE LIMITATION PERIOD

When Congress enacted ERISA, it supplied limitation periods for some of the Act's provisions, but it did not do so for others. Berger v. ACA Network LLC, 459 F.3d 804, 808 (7th Cir. 2006). Generally, when Congress does not provide a statute of limitations for a federal cause of action, a federal court must borrow the state statute of limitations most analogous to the case before it. Robbins v. Iowa Road Builders Co., 828 F.2d 1348, 1353, (8th Cir. 1987); see also Johnson v. State Mut. Life Assurance Co., 942 F.2d 1260, 1262 (8th Cir. 1991).

Beneficiaries may bring claims to recover benefits under the terms of an ERISA plan pursuant to 29 U.S.C. § 1132(a)(1)(B). ERISA does not contain a statute of limitations for Section 1132(a)(1)(B) actions to recover benefits. Beneficiaries may bring claims for equitable relief and to enforce provisions of ERISA, including provisions that impose liability on ERISA fiduciaries, under Section 1132(a)(3). Jones v. Aetna Life Ins. Co., 856 F.3d 541, 545 (8th Cir. 2017 Johnson, 942 F.2d at 1262-1263. ERISA sets forth a six-year statute of limitations for claims based on breach of fiduciary duties. See 29 U.S.C. § 1113. This limitation period, however, does not apply to other ERISA provisions, including Section 1132(a)(1)(B): "Congress expressly limited § 1113 to suits claiming breach of an ERISA trustee's fiduciary duties 'under this part,' which does not include beneficiary suits under § 1132(a)(1)(B)." Johnson, 942 F.2d at 1262.

Hofland's amended complaint asserts a claim for fraud and a claim for breach of the Plan. The amended complaint acknowledges ERISA governs the claims, but it does not state the specific ERISA provision under which Hofland brings his claims. See Docket No. 10, p. 2. Hofland nonetheless argues that because he has pled fraud, ERISA's six-year statute of limitations governing claims for breach of fiduciary duty applies. See Docket No. 7, p. 5.

Hofland's fraud claim alleges: "Schlumberger misrepresented the definitions of client company and competitor company which would be used in determining eligibility for employee retirement healthcare benefits." See Docket No. 10, p. 5. The amended complaint does not identify any fiduciary duty Schlumberger may have breached. Rather, the theory underlying Hofland's suit, as set forth in his amended complaint, is that Schlumberger wrongly denied him benefits by applying the Plan's non-competition provision. Moreover, Hofland specifically asks the Court to reimburse him for costs he has incurred in procuring alternative health insurance and to order reinstatement of his retirement benefits. See Docket No. 10, p. 6. Thus, Hofland's suit resembles an action under Section 1132(a)(1)(B) to recover benefits under the terms of an ERISA plan. The Court finds Hofland has not plead a cause of action based on a breach of fiduciary duty, and therefore the Section 1113 limitation period does not apply.

### B.  STATE-LAW LIMITATIONS ON CONTRACT ACTIONS GOVERN

In the absence of an applicable federal limitation period, the Court must look to the most analogous state statute of limitations. Gluck v. Unisys Corp., 960 F.2d 1168, 1179 (3d Cir. 1992). The parties' disagreement focuses on the terms "client company" and "competitor company" as they are used in the Plan. Hofland argues that those terms are defined in the Forfeiture Memorandum, which he asserts is part of the Plan. See Docket No. 7, p. 4. Schlumberger argues

the Memorandum is not part of the Plan and, because those terms are not defined in the Plan, it has discretion to determine what constitutes a client or competitor. See Docket No. 4, pp. 6-7. "When an ERISA claim resembles a contract action, it is appropriate to adopt the state's judgment as to how long the party ought to have to bring suit, a judgment inherent in its statute of limitations for contract claims." Gluck, at 1181; see also Adamson v. Armco, Inc., 44 F.3d 650, 652 (8th Cir.1995) ("At least in this circuit, it is settled that a claim for ERISA benefits is characterized as a contract action for statute of limitations purposes."). The Court concludes Hofland's claims are analogous to contract claims and the state law contract limitation periods govern.

C. **TEXAS LIMITATIONS APPLY**

The parties do not dispute that, if a state limitation period is to apply, it should be one governing contract actions. However, the parties do disagree as to which jurisdiction's statute of limitations governs. This determination is made according to federal common law. Wang Labs. Inc. v. Kagan, 990 F.2d 1126, 1128 (9th Cir. 1993). Neither the United States Supreme Court, nor the Eighth Circuit, have set forth definitive guidelines for determining which jurisdiction's statute of limitations should apply in this type of case. Berger, 459 F.3d at 809. Other circuits have expressed a preference for applying the forum state's law unless there is persuasive reason not to do so. See generally Held v. Mfr. Hanover Leasing Corp, 912 F.2d 1197, 1202 (10th Cir. 1990) (discussing various jurisdictions' approaches). For example, some courts apply the forum state's statute of limitations unless it is contrary to the federal policy at issue or would create a hardship for the litigants. See e.g. Champion Int'l Corp. v. United Paperworkers Int'l Union, 779 F.2d 328, 333-34 (6th Cir. 1985); Consolidated Express, Inc. v. New York Shipping Ass'n, Inc., 602 F.2d 494, 507-08 (3d Cir. 1979). Other courts make the determination based on whether a non-forum

state has a more substantial interest in the issue or a more significant relationship to the case. See e.g. Berger, at 813. In *Held*, the court applied the approach set out in the Restatement of Conflict of Laws:

> In general, unless the exceptional circumstances of the case make such a result unreasonable:
>
> (1) The forum will apply its own statute of limitations barring the claim.
>
> (2) The forum will apply its own statute of limitations permitting the claim unless:
>
> (a) maintenance of the claim would serve no substantial interest of the forum; and
>
> (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.

Held, at 1202 (citing Restatement (Second) of Conflict of Laws § 142 (Am. Law Inst. 1988)).

Hofland asserts North Dakota's six-year statute of limitations for contract actions applies because North Dakota is the forum state. See N.D.C.C. § 28-1-16. Schlumberger asserts Texas's four-year statute of limitations for contract actions applies because Texas has the most significant relationship to the parties and the lawsuit's subject matter. See Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a) (West 2002). The Plan is administered in Texas, where Schlumberger's principal place of business is located, and it contains the following choice of law provision:

> 10.4. Governing Law. The Plan and all of its provisions shall be governed by the laws of the United States, including ERISA. To the extent ERISA or other federal law does not preempt local law, the Plan shall be governed by the laws of the State of Texas except to the extent an Insurance Contract provides otherwise for a Benefit Program.

See Docket No. 4-1, p. 28. "Where a choice of law is made by an ERISA contract, it should be followed, if not unreasonable or fundamentally unfair." Wang Labs. Inc., 990 F.2d at 1128-29. Application of Texas law would foster predictability for future suits concerning the Plan and

7

ensure uniformity of plan administration among beneficiaries who, like Hofland, may not reside in Texas. The Court concludes Texas's four-year statute of limitations applies.

### D. **HOFLAND'S SUIT IS UNTIMELY**

Having determined Texas's four year statute of limitations applies, the Court must determine whether Hofland's suit is timely. Because this is a Rule 12(b)(6) motion for dismissal, the Court's inquiry must only focus on the amended complaint and other limited matters. See Brown v. Medtronic, Inc., 628 F.3d 451, 459-60 (8th Cir. 2010).

> While courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned . . . .

Dittmer Prop., L.P. v. Fed. Deposit Ins. Corp., 708 F.3d 1011, 1021 (8th Cir. 2013) (internal quotation and alteration omitted) (quoting Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 931 n.3 (8th Cir. 2012)).

The date an ERISA claim accrues is determined as a matter of federal common law. Romero v. Allstate Corp., 404 F.3d 212, 221 (3d 2005). Federal courts apply the discovery rule; accrual occurs when a plaintiff discovers, or with due diligence should have discovered, the injury that is the basis for the litigation. Union Pac. R. Co. v. Beckham, 138 F.3d 325, 330 (8th Cir. 1998). In the context of ERISA, accrual occurs when (1) a claim for benefits has been formally denied, or (2) when there has been a "clear repudiation" made known to the beneficiary:

> Consistent with the discovery rule, the general rule in an ERISA action is that a cause of action accrues after a claim for benefits has been made and has been formally denied. Thus, a beneficiary cannot successfully argue that he was unaware of an injury after a claim for benefits has been formally denied. Nonetheless, and still consistent with the discovery rule, an ERISA beneficiary's cause of action accrues before a formal denial, and even before a claim for benefits is filed, "when

8

there has been a repudiation by the fiduciary which is *clear* and made known to the beneficiar[y]."

Beckham, at 330 (8th Cir. 1998) (emphasis in original) (citations omitted) (quoting Miles v. New York State Teamsters Conf. Pension and Ret. Fund, 698 F.2d 593, 598 (2d Cir. 1983)); see also Held, 912 F.2d at 1205 ("Uniformly, courts recognize that an ERISA cause of action accrues when an application for benefits is denied.").

According to the amended complaint, Hofland received a benefit denial letter from Schlumberger on February 10, 2012. See Docket Nos. 10, p. 3 and 7-2, p. 2. Hofland then appealed the denial on February 25, 2012. See Docket Nos 10, p. 3 and 7-2, p. 3. Schlumberger denied Hofland's appeal in a letter dated April 24, 2012, which stated "[s]ince you have accepted a position with a competitor company, you will not be enrolled in the retiree medical coverage." See Docket No. 7-2, p. 7. The letter also stated "[y]ou have the right to appeal this decision by the Administrative Committee by providing additional information concerning your request." See Docket No. 7-2, p. 7. Hofland does not claim to have appealed the second denial. Roughly two years after the second denial, in correspondence dated May 5, 2015, Hofland's attorney sent Schlumberger a demand letter. See Docket No. 7-1. Hofland brought suit in May of 2017—two years after the demand letter and more than five years after receiving Schlumberger's two benefit denial letters in 2012. See Docket Nos. 1-1, 1-2, and 1-4. The Court finds Hofland discovered his claim when he received the final benefit denial letter in April of 2012. The Court consequently concludes Hofland's suit is untimely under Texas's four-year statute of limitations.

### E. **EQUITABLE TOLLING IS UNWARRANTED**

Hofland argues that the limitation period should be tolled because Schlumberger did not provide him with a copy of the Plan or inform him of the four-year limitation period. See Docket

9

No. 7, pp. 8-10. Equitable tolling is a "sparingly invoked doctrine." Jobe v. I.N.S., 238 F.3d 96, 100 (1st Cir. 2001). "The fundamental principle is that equitable tolling 'is appropriate only when the circumstances that cause a [party] to miss a filing deadline are out of his hands.'" Id. (alteration in original) (quoting Salois v. Dime Sav. Bank, 128 F.3d 20, 25 (1st Cir. 1997)). Equitable tolling is typically applied when a plaintiff has filed a defective pleading during the statutory period or when a defendant induced or tricked the plaintiff to allow the filing deadline to pass. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). The proponent of equitable tolling "bears the burden of making a prima facie showing of entitlement to equitable tolling, and therefore of filling in any gaps in the record regarding whether his is a case warranting equitable relief." Jobe, at 100 n.8. Hofland does not claim he attempted to ascertain the filing deadline or to file during the statutory period, nor has he alleged Schlumberger induced him into allowing the limitation period to lapse. The Court concludes Schlumberger has not plead facts demonstrating equitable tolling applies to his lawsuit.

## IV. CONCLUSION

After reviewing the entire record, the parties' filings, and the relevant law, the Court concludes Hofland's lawsuit is barred by Texas's four-year statute of limitations. The Defendant's Motion to Dismiss (Docket No. 3) is **GRANTED**.

**IT IS SO ORDERED**

Dated this 30th day of April, 2018.

                                          */s/ Daniel L. Hovland*
                                          Daniel L. Hovland, Chief Judge
                                          United States District Court